**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14226
Non-Argument Calendar
_____

In re: ROBERT L. NORVELL,

*Debtor.*

_____

ROBERT L. NORVELL,

*Plaintiff-Appellant,*

*versus*

U.S. BANK TRUST COMPANY, N.A.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-01265-BJD,
Bkcy No. 3:14-bk-5180-JAF
_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

2                      Opinion of the Court                    25-14226

Robert Norvell, proceeding pro se, appeals the bankruptcy court's order finding that the automatic stay provided for in 11 U.S.C. § 362(a) no longer applied to the property at issue because the property had revested in Norvell under the terms of the confirmed reorganization plan, which removed the property from the bankruptcy estate.  Norvell argues that the district court erred by lifting the automatic stay because he did not default on his payments under the applicable reorganization plan, U.S. Bank Trust Company's ("U.S. Bank") motion to remove the stay was procedurally deficient, and removing the stay violated his due process rights.  Norvell also argues that the bankruptcy court should have held a hearing to determine whether he defaulted.  Finally, Norvell contends that the bankruptcy court erred by finding that U.S. Bank's motion for relief from the automatic stay was moot.[1]

Parties may appeal from a bankruptcy court's order within 14 days of the entry of the order.  Fed. R. Bankr. P. 8002(a)(1).  District courts can hear initial appeals from bankruptcy courts.  28 U.S.C. § 158(a).  After a district court makes its determination, parties may appeal to this Court, which will sit as a second court of review.  *In re Daughtery*, 896 F.3d 1255, 1273 (11th Cir. 2018).  We

---

[1] Norvell has also filed a motion to reassign this case to an impartial bankruptcy judge in the Southern District of Florida on remand.  Because we affirm, his motion is DENIED as moot.

review the district court's and the bankruptcy court's legal conclusions de novo, and review the bankruptcy court's factual conclusions for clear error.  *Id.*

When a debtor files for bankruptcy, his filing "creates an estate" that includes all of his assets, including of his "legal or equitable interests…in property as of the commencement of the case." 11 U.S.C. § 541(a) (mandating that a bankruptcy filing creates an estate and listing the items in the estate); *In re Patel*, 142 F.4th 1313, 1320 (11th Cir. 2025) (noting that a bankruptcy estate contains all of the debtor's property).  Filing for bankruptcy also simultaneously triggers a rule in 11 U.S.C. § 362(a) called the "automatic stay."  *In re Patel*, 142 F.4th at 1320.  The automatic stay halts all collection and foreclosure actions against the debtor.  *Id.*  On request of a party in interest and after notice, a bankruptcy court may grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning the stay, including "for cause," such as "lack of adequate protection of an interest in property."  11 U.S.C. § 362(d)(1).

Under Chapter 11, after a debtor files for bankruptcy, he and his creditors may create a reorganization plan that will govern how his assets will be distributed.  *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 214 (2024).  The plan must, as relevant here, specify how any impaired claims will be "treat[ed]" under the plan.  11 U.S.C. § 1123(a)(3).  The plan also must "provide adequate means for" its implementation, which may include explaining what property the debtor will retain and how any lien will be satisfied or modified.  *Id.*

§ 1123(a)(5).  If the bankruptcy court issues an order confirming that plan, the plan will bind the debtor and his creditors.  *Harrington*, 603 U.S. at 214 (citing 11 U.S.C. § 1141(a)).  Unless the confirmed plan or the bankruptcy court's order entering the plan provides otherwise, all the property in the bankruptcy estate "vests" in the debtor when the bankruptcy court enters its confirmation order.  11 U.S.C. § 1141(b); *see In re SeaEscape Cruises, Ltd.*, 201 B.R. 321, 323 (Bankr. S.D. Fla. 1996) (noting that upon a plan's confirmation, or pursuant to the plan's terms, the bankruptcy estate's assets revest in the debtor and are no longer part of the bankruptcy estate).  When property ceases to be part of the bankruptcy estate, the stay imposed by 11 U.S.C. § 362(a) immediately terminates with respect to that property.  *Id.* § 362(c)(1).

Title 11 authorizes courts to enter a modification that the proponent of the original plan or the reorganized debtor proposes "any time after confirmation of [the] plan and before substantial consummation" of the plan.  11 U.S.C. 1127(b).  However, a court can only modify a plan if it can grant effective relief to the movant.  *In re Lett*, 632 F.3d 1216, 1225 (11th Cir. 2011).

Federal courts will not consider moot issues because federal courts lack authority to adjudicate them.  *Christian Coal. Fla. Inc. v. U.S.*, 662 F.3d 1182, 1189 (11th Cir. 2011).  An issue is moot when it no longer represents a live controversy with respect to which a court can grant meaningful relief.  *Zinni v. ER Sol.*, 692 F.3d 1162, 1166 (11th Cir. 2012).  We will also not consider an issue that a party concedes by abandonment.  *Sapuppo v. Allstate Floridian Ins.*

*Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014).  A party abandons an issue when it fails to develop an argument in support of its position on the issue.  *Id.* at 681.

Here, by failing in his brief on appeal to make any argument with respect thereto, Norvell has abandoned any challenge to the bankruptcy court's finding that the property at issue was not part of the bankruptcy estate once it revested in him in 2017, such that the automatic stay was no longer applicable.  In any event, pursuant to the terms of the confirmed plan, the property revested in Norvell and the automatic stay ended as of the plan's effective date, which was in 2017.

**AFFIRMED.**